**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Lucille JULIUS, Defendant-Appellant.**

**No. 46842.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 10, 1984.

Charles Clifford Schwartz, Clayton, for defendant-appellant.

Theodore G. Pashos, Prosecuting Atty., Union, for plaintiff-respondent.

GAERTNER, Presiding Judge.

Intending to investigate an anonymous telephone call relating to appellant's fifteen year old grandson, juvenile officers went to appellant's home but were refused admission. Subsequently, the officers prevailed upon the Circuit Judge to issue an order authorizing their entry into the house. They returned armed with this court order and accompanied by deputy sheriffs. Appellant was told they had an order authorizing their entry into the house and an officer held the document out to her. Appellant grabbed the paper and tore it into pieces. Thereafter, despite being handcuffed, the 61 year-old appellant managed to kick one of the officers. The officers subsequently searched the house but appellant's grandson was not there. Appellant was charged with third degree assault and with Interfering with Legal Process in violation of § 575.-160, RSMo 1978. At a jury trial she was acquitted of the assault charge, found guilty and fined $250 on the interference count. She appeals. We reverse.

§ 575.160 provides:

575.160. *Interference with legal process.*

1. A person commits the crime of interference with legal process if, knowing any person is authorized by law to serve process, for the purpose of preventing such person from effecting the service of any process, he interferes with or obstructs such person.

2. "Process" includes any writ, summons, subpoena, warrant other than an arrest warrant, or other process or order of a court.

3. Interference with legal process is a class B misdemeanor.

The language of the statute, despite its title, clearly reflects the legislative intent to prohibit interference with the service of process. The information filed herein mirrors the wording of the statute alleging that appellant "knowing that Pat Bruns and others were authorized by law to serve process, for the purpose of preventing Pat Bruns from effecting the service of process on Lucille Julius, interfered and obstructed

**32**

Pat Bruns in the service of process on Lucille Julius."

 There was no evidence to show that appellant did what she was charged with doing. When appellant took the document from Bruns' hand, service of the court order was a *fait accompli.*

To serve simply means to deliver. § 506.150, RSMo 1978; *Hirst v. Cramer*, 195 S.W.2d 738, 742 (Mo. banc 1946). Service of process, writ or court order is nothing more than the fulfillment of the due process requirement of notice. The execution of such an order is separate and distinct from the notice thereof. Respondent has not attempted to refer us to any authority, nor has our independent research disclosed any authority which would tend to indicate that the service of a court order includes the completion of what is ordered. No matter how heinous her conduct after she took possession of the court order, it could not constitute obstructing or interfering with the service of the order as charged in the information.

We must construe penal statutes "liberally in favor of the defendant and strictly against the state." *State v. Treadway*, 558 S.W.2d 646, 652 (Mo. banc 1977). Respondent failed to prove appellant guilty of a violation of § 575.160. The judgment is reversed.

SMITH and STEPHAN, JJ., concur.