STATE ex rel. ILLINOIS FARMERS
INSURANCE COMPANY,
Relator,

v.

Honorable James J. GALLAGHER,
Judge, Circuit Court, St. Louis
City, Respondent.

No. 73241.

Supreme Court of Missouri,
En Banc.

June 11, 1991.

R. Lucas Boling, Daniel Wilke, Clayton,
for relator.

Lawrence O. Willbrand, St. Louis, for
respondent.

COVINGTON, Judge.

Illinois Farmers Insurance Company in-
stituted a proceeding in prohibition seeking
to prohibit respondent from further pro-
ceedings in a personal injury action. This
Court issued a preliminary rule in prohibi-
tion. The writ of prohibition is made abso-
lute.

Doretta Hamlett and Sonda Brown insti-
tuted a personal injury action against Illi-
nois Farmers Insurance Company and Don-
ald A. Bremer. The petition alleges that
on or about August 25, 1989, in St. Louis
County, Missouri, while Hamlett was a pas-
senger in a vehicle driven by Brown,
Brown's vehicle collided with a vehicle driv-
en by Bremer as a result of the negligence
of both Bremer and a "hit-and-run motor-
ist" who was operating an uninsured auto-
mobile. Hamlett and Brown's claims
against Illinois Farmers are based upon
uninsured motorist provisions of the policy
Illinois Farmers issued to Brown.

Service of process on Illinois Farmers
was directed to the "Superintendent of In-
surance" in Jefferson City, Missouri. On
or about August 3, 1990, Illinois Farmers
filed its separate motion to dismiss, or in
the alternative, to quash service, alleging
insufficient service of process, the court's
lack of subject matter and *in personam*
jurisdiction over Illinois Farmers, and fail-

ure to comply with an arbitration provision in the policy. In support of its pleading Illinois Farmers filed an affidavit of Bill Bonifas, Illinois Farmers' liability claims manager, and a certified copy of the insurance policy to which plaintiffs' petition referred. The affidavit states that at the time of the incident alleged in the plaintiffs' petition Hamlett was a resident of Collinsville, Illinois, and Brown a resident of Belleville, Illinois. The undisputed affidavit also establishes that Illinois Farmers is domiciled in Aurora, Illinois, that its regional offices are located in Aurora, Illinois, that Illinois Farmers does not have an office for the transaction of business in the State of Missouri, and that Illinois Farmers is not engaged in any activities in the State of Missouri. Respondent overruled the motion and granted Illinois Farmers leave to file a petition for a writ of prohibition.

▬▬ Disposition of the case rests upon Illinois Farmers' correct contention that the trial court lacks *in personam* jurisdiction over Illinois Farmers because the service of process was insufficient. Summons to Illinois Farmers was directed to the "Superintendent of Insurance" for the State of Missouri. A summons is a means by which a defendant is subjected to the jurisdiction and judgment of the court that has issued the process. It is also notice to a party of the proceeding and of the opportunity to appear and defend rights of life, liberty and property. The general rule is that unless a defendant is served with process, or summoned, in a manner and form authorized by statute, the court is without authority to proceed. *State ex rel. Minihan v. Aronson*, 350 Mo. 309, 165 S.W.2d 404, 407 (1942). *See also Ponder v. Aamco Automatic Transmission, Inc.*, 536 S.W.2d 888, 890 (Mo.App.1976).

The director of insurance is deemed under some circumstances to be agent for service of process upon insurance companies not incorporated or authorized under the laws of Missouri. § 375.256, RSMo 1986. Section 375.256 provides in pertinent part:

> Any insurance company, association, or other insurer not incorporated or au-

thorized under the laws of this state, which shall do or cause to be done any of the following acts in this state, effected by mail or otherwise: the issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business in this state, the solicitation of applications for contracts of insurance, the collection of premiums, membership fees, assessments or other considerations for contracts or any other transaction of business, shall be deemed to have constituted and appointed the director of insurance of the state of Missouri, and his successor or successors in office, to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit, or proceeding instituted in any county in this state, by or on behalf of an insured or beneficiary arising out of any contract of insurance, and any such act shall be signification of its agreement that the service of process is of the same legal force and validity as personal service of process in this state upon the insurer....

The statute reflects the constitutional principle of due process that a state is without authority to assert an *in personam* jurisdiction over a foreign corporation that is not engaged in this state in the activities enumerated. *See Ponder*, 536 S.W.2d at 893. Section 375.291, RSMo 1986, specifically recognizes the defendant insurance company's right to file a motion to quash alleging that the insurer has not done or committed or caused to be done or committed any of the acts enumerated in § 375.-256. Illinois Farmers asserted and respondent concedes that Illinois Farmers did not engage and is not engaged within the State of Missouri in any of the activities delineated in § 375.256.

In spite of respondent's concession that Illinois Farmers did not engage and is not engaged within the State of Missouri in any of the activities enumerated in § 375.-256, respondent contends that service of process is authorized thereunder. Respondent's point relied on claims that the cause of action against the uninsured motorist carrier "accrued" in Missouri, thereby authorizing service of summons on the di-

rector of insurance. In sole support of the point relied on and without argument or elucidation, respondent simply cites the section of the statute that provides for service "... in any action, suit, or proceeding instituted in any county in this state, by or on behalf of an insured or beneficiary arising out of any contract of insurance...." The inference, derived only during oral argument, appears to be that service of process on the director of insurance was authorized under § 375.256 because the collision from which the action on the contract allegedly arises occurred in Missouri.

Respondent's contention is without support. Service of process is authorized only when the insurance company has engaged in the acts specifically enumerated.[1] Section 375.256 does not authorize service of process on the director of insurance in this case.

In furtherance of interests of judicial economy, this Court has independently undertaken to examine other laws that authorize service on the director of insurance. Other statutes that might in some circumstances authorize service on the director of insurance are inapplicable because Illinois Farmers is not authorized to transact business in this state nor has it transacted business in this state. See § 375.906, RSMo 1986; § 375.786, RSMo 1986. *See also Rule 55.10;* 4 *CSR* 190–10.070.

■ Improper service of process results in lack of *in personam* jurisdiction. Absent *in personam* jurisdiction over Illinois Farmers, respondent is without authority to proceed. The rule in prohibition is made absolute.

BLACKMAR, C.J., ROBERTSON, HIGGINS and HOLSTEIN, JJ., and MORGAN, Senior Judge, concur.

RENDLEN, J., concurs in result.

---

**1.** Even states that permit direct actions against insurers require an independent basis to assert *in personam* jurisdiction. *See, e.g., First Guar-* anty Bank of Hammond v. Attorneys Liability Assurance Society, Ltd., *515 So.2d 1080, 1085 n. 12 (La.1987).*