**STATE of Missouri, ex rel., ILLINOIS
FARMERS INSURANCE CO.,
Relator,**

v.

**The Honorable Jack KOEHR, Judge of
the Circuit Court of the City of St.
Louis, Div. 1, Respondent.**

**No. 61656.**

Missouri Court of Appeals,
Eastern District,
Writ Division Six.

July 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Aug. 12, 1992.

Mary M. Stewart, St. Louis, for relator.

Lawrence O. Willbrand, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

Illinois Farmers Insurance Company (Illinois Farmers) seeks our writ prohibiting the respondent circuit judge from exercising jurisdiction over it in an action pending in the Circuit Court of the City of St. Louis. We now make our preliminary order in prohibition absolute.

Doretta Hamlett and Sonda Brown (plaintiffs) are residents of the State of Illinois. They instituted the underlying action in the Circuit Court of the City of St. Louis seeking to recover for alleged personal injuries sustained in an automobile collision which occurred in St. Louis County. Named as defendants in this action are Donald A. Bremer, a resident of the City of St. Louis, the driver of the other vehicle and Illinois Farmers, which issued a policy including uninsured motorist coverage to Sonda Brown. Illinois Farmers is an Illinois corporation which has no office and conducts no business in the State of Missouri. Originally, plaintiffs caused service of process upon Illinois Farmers to be served upon the Missouri "superintendent" of insurance, purportedly pursuant to § 375.256 RSMo.1986, which provides that the director of insurance may be deemed an agent for service of process upon foreign insurance companies under certain conditions. The Missouri Supreme Court held this service of process improper in *State ex rel. Illinois Farmers Ins. Co. v. Gallagher*, 811 S.W.2d 353 (Mo. banc 1991). The Supreme Court ruled that the mere fact the event which gave rise to a claim under the insurance policy occurred in Missouri was insufficient to allow Missouri courts to exercise *in personam* jurisdiction over the Illinois corporation. *Id.* at 355.

Undaunted, plaintiffs then caused service of process upon Illinois Farmers pursuant to § 506.500 RSMo.1986, the Missouri Long–Arm Statute. The Honorable Robert G. Dowd sustained Illinois Farmers' motion

to dismiss for lack of personal jurisdiction. Plaintiffs' motion to reconsider this order was presented to respondent, who ordered Judge Dowd's order vacated and denied Illinois Farmers' motion to dismiss. This proceeding in prohibition ensued.

Prohibition is the proper remedy to prevent a court from proceeding against a party over whom personal jurisdiction is lacking. *State ex rel. William Ranni Associates, Inc. v. Hartenbach,* 742 S.W.2d 134, 137 (Mo. banc 1987). When a defendant contests the existence of personal jurisdiction, the burden falls upon the plaintiff to prove that the suit arose out of the defendant's engaging in one or more of the six acts enumerated in § 506.500 and also that the defendant has sufficient minimum contacts with Missouri such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Id.; Dillaplain v. Lite Industries, Inc.,* 788 S.W.2d 530, 533 (Mo.App.1990). In this case, plaintiffs failed to establish either of these essential elements.

Respondent's argument, as best we can follow it, seems to be that because the cause of action under an uninsured motorist policy accrues where the accident occurs, as held for the purpose of fixing venue in *State ex rel. Miller's Mutual Insurance Association v. Sanders,* 538 S.W.2d 708, 710 (Mo. banc 1976), it follows that § 506.500.3, which provides long-arm jurisdiction by reason of the "commission of a tortious act within this State," establishes personal jurisdiction over the defendant. This is a glaring non-sequitor. It is not even suggested that Illinois Farmers committed a tortious act in Missouri. It is not alleged that Mrs. Brown, Illinois Farmers' insured, was in any fashion an agent or representative of Illinois Farmers. Moreover, plaintiffs have not contended that Mrs. Brown committed a tort in Missouri. Rather, the tortious acts alleged were those of Mr. Bremer and the driver of an unknown "hit and run" automobile. In *Gallagher,* the Supreme Court held that service of process pursuant to § 375.256 did not subject Illinois Farmers to the jurisdiction of Missouri courts because Illinois

Farmers had not committed any of the acts enumerated in the statute. Similarly, because Illinois Farmers has not committed any of the acts enumerated in § 506.500, service pursuant to that statute does not subject Illinois Farmers to the jurisdiction of Missouri courts.

We also reject the argument that by selling a policy of automobile insurance the company has "minimum contacts" with every state in which its insured may operate a vehicle. Entering into an insurance contract with a resident of a particular locality is not analogous to placing a product into the stream of commerce where it may be sold to the consuming public in various locations. A dealer who sold an allegedly defective automobile in New York to a New York resident did not become subject to Oklahoma jurisdiction because the defect caused a collision and personal injuries when the automobile was operated in that state. *World-wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Due process contemplates a contact with a state which is purposeful and foreseeable in order to subject a non-resident to the jurisdiction of that state. *Id.,* 444 U.S. at 297, 100 S.Ct. at 567. The "unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Id.,* 444 U.S. at 298, 100 S.Ct. at 567 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958)).

Illinois Farmers has done nothing to subject itself to the jurisdiction of Missouri courts. Respondent is without authority to proceed. The rule in prohibition is made absolute.

GRIMM, P.J., and PUDLOWSKI, J., concur.