**STATE ex rel., DFS, B.R. By Next Friend Tessie Rhyne, Respondent,**

v.

**John SUTHERLAND, Appellant.**

**No. WD 50832.**

Missouri Court of Appeals,
Western District.

Dec. 19, 1995.

As Modified Jan. 25, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30, 1996.

Application to Transfer Denied
March 26, 1996.

Michael L. Taylor, St. Joseph, for appellant.

Pamela L. Cone, Asst. Pros. Atty., Buchanan County, St. Joseph, for respondent.

Before ELLIS, P.J., and HANNA and SPINDEN, JJ.

HANNA, Judge.

This is a paternity case in which the putative father appeals the denial of his motion to set aside the default judgment against him establishing paternity. The father, John Sutherland, challenges the denial of this motion on the ground that he was improperly served under Rule 54.13(b)(1) and that service violated his right to due process. He also claims that his motion stated sufficient facts constituting a meritorious defense and good cause. We affirm.

Pursuant to the Missouri Uniform Parentage Act, the State of Missouri sought a declaration of paternity, the establishment of child support, and the reimbursement of necessary support. The petition for paternity and summons issued on November 8, 1993. On or about November 22, 1993, a deputy sheriff served the petition and summons at the home of Mr. Sutherland's mother and stepfather, 7610 North 71 Highway, St. Joseph, Missouri. The deputy sheriff served the stepfather, Herman Rose, who, according to the return, agreed to give the petition and summons to Mr. Sutherland. Mr. Sutherland did not enter an appearance in the action. After service of the summons and petition, the State filed a motion to compel blood tests and a notice of hearing, which were mailed to 7610 North 71 Highway on January 14, 1994. Mr. Sutherland received a call at his workplace from the prosecuting attorney's office requesting that he submit to a blood test and he appeared voluntarily for the test. Results of the blood tests showed a 99.16% probability of Mr. Sutherland's biological paternity of the child. The notice of hearing on the petition for declaration of paternity was sent to Mr. Sutherland at the same address. Mr. Sutherland did not appear at the hearing. The trial court heard evidence and entered a default judgment on November 2, 1994, establishing paternity and ordering child support.

The judgment of the court was mailed to Mr. Sutherland at 7610 North 71 Highway. Very shortly thereafter, on November 21, 1994, Mr. Sutherland filed a Motion to Set Aside Default Judgment, or in the Alternative, Motion for Relief from Judgment, or in the Alternative, Motion for New Trial. The motions were heard on January 30, 1995 and overruled on February 8, 1995.

The evidence presented at the post-judgment hearing was as follows. Mr. Sutherland testified that he left his employment in Arizona to pursue a culinary educational opportunity in St. Joseph. He began his employment at The Sunset Grill & Speedliner Lounge, a St. Joseph restaurant on December 1, 1993 and continued there until March 20, 1994. On February 3, 1994, Mr. Sutherland signed employment records including an Internal Revenue Service Form W–4, a Missouri Department of Revenue Employee's Withholding Allowance Certificate, and a United States Immigration and Naturaliza-

tion Service Form I–9, all of which indicated that his residence was at his mother's address at 7610 North 71 Highway.

In his first point on appeal, Mr. Sutherland argues that the trial court erred in denying his motion to set aside the judgment establishing paternity because the service upon him was contrary to Rule 54.13 and in violation of his right to due process. Supreme Court Rule 54.13(b)(1) addresses personal service of process within the state and provides that such service can be made upon an individual as follows:

(1) On Individual. Upon an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition to him personally or *by leaving a copy of the summons and petition at his dwelling house or usual place of abode with some person of his family over the age of 15 years,* or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.[1]

(Emphasis added).

Mr. Sutherland contends that his mother's home was not his "dwelling house or usual place of abode" at the time the deputy sheriff left the petition and summons there in November 1993. Therefore, he argues, the judgment of that trial court was void because the court lacked jurisdiction.

■ In a court-tried case our standard of review is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), and we must uphold the trial court's judgment unless there is no substantial evidence to support the decision, the decision is against the weight of the evidence, or the decision erroneously declares or applies the law. *Id.* at 32.

■ A person's usual place of abode is generally equated with that person's residence. *Cambiano v. Davis,* 880 S.W.2d 584 (Mo.App.1994). A persons's residence is a question of fact. *American Family Mut. Ins. Co. v. Automobile Club Inter–Insurance Exchange,* 757 S.W.2d 304, 306 (Mo.App.

1988). In a bench-tried case, the trial judge is the finder of fact, *First National Bank of Sikeston v. Goodnight,* 721 S.W.2d 122, 123 (Mo.App.1987), and is free to believe all, part, or none of the testimony of any witness. *Fowler v. Fowler,* 732 S.W.2d 235, 237 (Mo.App.1987).

The evidence showed that Mr. Sutherland was employed in St. Joseph although he testified that he did not reside at his mother's house. He left Arizona to begin his employment with the restaurant in St. Joseph. Mr. Sutherland signed employment records associated with this job indicating his address was 7610 North 71 Highway, St. Joseph, Missouri.

■ Among the factors to be considered in determining whether a place is a person's "usual place of abode" are the use of an address on official forms and the failure to provide the post office with a forwarding address. *Cambiano,* 880 S.W.2d at 584. Mr. Sutherland used the 7610 North 71 Highway address on employment records and failed to provide the post office with a forwarding address. When the deputy sheriff served the petition and summons, Mr. Sutherland's stepfather agreed to give the documents to Mr. Sutherland and did not indicate that Mr. Sutherland resided elsewhere.

■ The deputy sheriff's return of service here recited the time, place, and manner of service. The return stated that service was made upon the defendant by serving a copy of the petition and summons upon his step-father at the defendant's usual place of abode at 7610 North 71 Highway. A sheriff's return of service is considered "prima facie evidence of facts recited therein." Rule 54.22(a); *Van Vooren v. Schwarz,* 899 S.W.2d 594, 595 (Mo.App.1995). The return is subject to impeachment by the party alleged to have been served only by clear and convincing evidence. *Van Vooren,* 899 S.W.2d at 595. Thus, Mr. Sutherland was obligated to provide clear and convincing evidence that his usual place of abode was not 7610 North 71 Highway. The only evidence that Mr. Sutherland presented to impeach the verity of the service was in-court testimony, which

---

1. Rule 54.13's statutory counterpart is § 506.150, RSMo Supp.1993.

the trial court was entitled to disbelieve. *See, Delf v. Cartwright,* 651 S.W.2d 622, 624 (Mo.App.1983). Not only was there evidence from which the trial court could have disbelieved Mr. Sutherland's testimony but also, Mr. Sutherland failed to clearly and convincingly overcome the prima facia evidence of the facts recited in the return. Point denied.

In his next point, Mr. Sutherland contends that the trial court erred in refusing to set aside the default judgment. Under Rule 74.05, a default judgment may be set aside upon a motion stating facts constituting a meritorious defense and for good cause shown. The trial court has the discretion to set aside a default judgment, and the trial court's decision in that regard will generally not be interfered with unless the record convincingly indicates an abuse of discretion. *Jeffries v. Jeffries,* 840 S.W.2d 291, 293 (Mo. App.1992); *Gibson v. Elley,* 778 S.W.2d 851, 852 (Mo.App.1989). The discretion not to set aside a default judgment is a good deal narrower than the discretion to set one aside, with the result that appellate courts are more likely to interfere when the trial court has denied such a request. *Boatmen's First Nat'l Bank v. Krider,* 844 S.W.2d 10, 12 (Mo.App.1992).

Rule 74.05 requires that the party seeking to set aside the judgment present a meritorious defense. The defense does not have to be set forth in detail, but must demonstrate an arguable theory that would defeat the adversary's claim. *McClelland v. Progressive Casualty Ins. Co.,* 790 S.W.2d 490 (Mo.App.1990). To present a meritorious defense in this case, Mr. Sutherland must have advanced an arguable theory to defeat the state's claim that he is the father.

Mr. Sutherland's defense to the paternity action consisted of his testimony that he was sterile and unable to have children. The support for his claim of sterility was his belief that it was not possible because he had "taken certain precautions that something like that would not happen." Further, he had tried to have children with both of his "long-term girlfriends"[2] and was unable do so.

The trial court did not abuse its discretion in determining that Mr. Sutherland did not present sufficient evidence to support an arguable theory of a meritorious defense. Because there was no meritorious defense, we need not discuss the issue of good cause. Point denied.

The judgment of the trial court is affirmed.

All Concur.

2. In response to the prosecutor's inquiry as to when the last time he tried to have a child prior to November 1993, Mr Sutherland replied, "I have several—not several. I have two long-term girlfriends; one for five years, one for three years."