**Deborah A. FINNIGAN, Plaintiff–Respondent,**

v.

**KNG INVESTMENTS, INC., d/b/a Knight'S Inn, Defendant–Appellant.**

No. 26309.

Missouri Court of Appeals,
Southern District,
Division Two.

March 25, 2005.

Russell F. Watters, T. Michael Ward, Teresa M. Young, St. Louis, Brown & James, P.C., MO, for appellant.

Noah K. Wood, Randell K. Wood, Wood & Associates, Springfield, for respondent.

JOHN E. PARRISH, Presiding Judge.

KNG Investments, Inc., (defendant) appeals the denial of a motion to quash service and set aside a default judgment entered in favor of Deborah Finnigan (plaintiff) contending that the trial court lacked jurisdiction to enter judgment against defendant for the reason that service of process was defective. This court reverses and remands.

Plaintiff filed her petition in the circuit court October 10, 2002. The named defendant was "KNG INVESTMENTS, INC., d/b/a KNIGHT'S INN." The petition included, immediately below defendant's name on the petition, the direction:

SERVE: REGISTERED AGENT:

KENNY PATEL,

2114 S. Glenstone,

Springfield, MO 65804[.]

The record on appeal reflects that summons was issued and delivered to the Sheriff of Greene County, Missouri, the date the petition was filed. The trial court's docket sheet reflects that the summons was returned from the sheriff on

October 16, 2002, with service on KNG Investments, Inc., on October 15, 2002. The entry states that service was had "BY SERVING NIC PATEL, GEN MGR ON 10/15/02." A copy of the summons is included in the record on appeal. The officer's affidavit of service that appears on the summons states that the summons was served by "(for service on a corporation) delivering a copy of the summons and a copy of the petition to (name) *Vic Patel*, (title) *Gen. Mng./P.I.C.*, at (address) *2114 S. Glenstone.*" It states, "SERVED IN *Greene* COUNTY, *MO* (STATE) ON THIS *15* DAY OF *October*, ... *02* [.]"[1]

Plaintiff filed a motion for interlocutory order of default February 19, 2003, that alleged:

1. Plaintiff filed her Petition on October 10, 2002.

2. Defendant has failed to plead or otherwise respond to or defend Plaintiff's Petition and far more than the time provided for by law for Defendant to respond has passed.

3. Consequently, Defendant is in default.

The motion requested, "WHEREFORE, since, as set forth herein, Defendant is in default, Plaintiff respectfully prays that the court enter an interlocutory order of default and schedule a hearing on damages pursuant to Rule 74.05(b) of the Missouri Rules of Civil Procedure."

The trial court entered an "INTERLOCUTORY ORDER OF DEFAULT" February 19, 2003, that declared defendant was in default. "JUDGMENT BY DEFAULT" was rendered March 6, 2003. It declared:

The court, having heard the testimony of [plaintiff] finds and hereby assesses as damages, the amount of *$900,000.00* against [defendant].

Having so found,

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that, pursuant to Rule 74.05 of the Missouri Rules of Civil Procedure, judgment by default be entered in favor of [plaintiff] and against [defendant] and that [plaintiff] have and recover of [defendant] as damages the amount of *$900,000.00*, for which let execution issue.

On November 18, 2003, defendant filed a motion to quash service and set aside the default judgment. It alleged, among other things, that service of process on defendant was void; that the trial court, therefore, lacked proper service on defendant. The motion requested that the trial court "quash service and set aside the default judgment entered against [defendant]...." Included as "Exhibit G" attached to the motion was a copy of a corporate record certified by the Missouri Secretary of State dated August 2, 2001, that declared defendant's corporate status was "administratively dissolved or revoked...."

The trial court denied defendant's motion to set aside the default judgment May 20, 2004. On July 28, 2004, the trial court filed a "JUDGMENT AND ORDER" that declared:

Having overruled [defendant's] Motion to Quash Service and to Set Aside the Default Judgment on May 20, 2004, by entering a docket entry in the Court's minutes, the court hereby enters Judgment for [plaintiff] and against [defendant] and orders Defendant's Motion to Quash Service and to Set Aside the Default Judgment denied.

**1.** The number "19" with a line drawn through it appears immediately before the number "02."

■ Defendant asserts two points on appeal. This court finds Point I determinative. It contends the trial court erred in denying defendant's motion to quash service and to set aside the default judgment because the judgment was void for want of personal jurisdiction. Point I argues that because defendant had been administratively dissolved as a corporation by the secretary of state on August 2, 2001, service of process was required to be effected in the manner directed by § 506.150(4)[2]; that this was not done; therefore, the trial court had no authority to enter judgment against defendant.

Section 506.150.1, as applicable to dissolved corporations, provides:

> The summons and petition shall be served together. Service shall be made as follows:

> . . .

> (4) Upon a domestic corporation that has been dissolved according to law, by delivering a copy of the summons and of the petition to the last registered agent of the corporation or upon the secretary of state, and if upon the secretary of state, the secretary of state shall send a copy of the summons and petition by registered mail, requesting a return receipt signed by addressee only, addressed to each member of the last board of directors of the corporation at the address of such directors, as shown by the secretary of state's records.

■ Service of process was not effected on either the last registered agent of defendant or the secretary of state. It, therefore, was not in compliance with requirements of § 506.150.[3] "[U]nless a defendant is served with process, or summoned, in a manner and form authorized by statute, the court is without authority to proceed." *State ex rel. Illinois Farmers Ins. Co. v. Gallagher*, 811 S.W.2d 353, 354 (Mo. banc 1991). Where the statutorily prescribed requirements for process and the manner of service are not met, the court in which the action is pending is without power to adjudicate. *Ponder v. Aamco Automatic Transmission, Inc.*, 536 S.W.2d 888, 890 (Mo.App.1976). Point I is granted. It is determinative of this appeal. Therefore, the remaining point defendant asserts on appeal need not be, and is not, addressed.

The judgment is reversed. The case is remanded.

SHRUM and BARNEY, JJ., concur.

---

2. References to statutes are to RSMo 2000.

3. Plaintiff argues that the service in this case complied with requirements of § 506.150.1(3), the provision applicable for service upon a domestic or foreign corporation; that, therefore, it was sufficient to confer jurisdiction over the person of defendant. The fallacy of that argument is that defendant was dissolved as a corporation August 2, 2001. Its corporate existence was forfeited on that date. A corporation's very being as a legal entity is destroyed the day forfeiture occurs. *Phillips v. Hoke Const., Inc.*, 834 S.W.2d 785, 787 (Mo.App.1992). § 506.150.1(3) relates to service on a corporation, not a former corporation "that has been dissolved according to law," to which § 506.150.1(4) applies.