## Ebony SILINZY, Plaintiff/Respondent,

v.

## Nicholas WILLIAMS, Defendant/Appellant.

### No. ED 89765.

Missouri Court of Appeals, Eastern District, Division Four.

March 18, 2008.

Matthew J. Sauter, Carolyn G. Caruthers, Saint Louis, MO, for Plaintiff/Respondent.

Joseph T. Madrid, Saint Louis, MO, for Defendant/Appellant.

## SHERRI B. SULLIVAN, J.

### Introduction

Nicholas Williams (Appellant) appeals from the trial court's Order and Judgment denying Appellant's Motion to Quash Service and/or Vacate Default Judgment (hereinafter Motion to Quash). We affirm as modified.

### Factual and Procedural Background

On September 29, 2004, Ebony Silinzy (Respondent) and Appellant were involved in an automobile accident. On November 10, 2005, Respondent filed a petition against Appellant for personal injury damages. On November 28, 2005, a deputy from the sheriff's department obtained service on Appellant by leaving a copy of the summons and petition with Appellant's mother, Deborah Mingo (Mingo or Appellant's mother), at 1964 Parker Road. Appellant failed to answer or otherwise respond to the petition. On February 6, 2006, Respondent filed a Motion for Default Judgment.

On March 15, 2006, the trial court held a hearing on Respondent's motion for default judgment. At the hearing, Respondent testified and presented evidence of the injuries she sustained from the accident. That same day, the trial court entered a Default Judgment against Appellant in the amount of $30,000.00 plus costs and attorney's fees.

On April 19, 2007, Appellant filed a Motion to Quash Service and Set Aside and/or Vacate Default Judgment (motion to quash) alleging that the March 15, 2006 Default Judgment was void because the deputy sheriff's service was improper in that 1964 Parker Road was not his "dwelling house" or "usual place of abode" at the time service was made. In support of his motion to quash, Appellant presented the affidavits of himself and Mingo and a return receipt from a piece of mail Appellant had received and signed for at 7030 Myron in January of 2005.

On April 20, 2007, Respondent filed her Response and Suggestions in Opposition (response) to Appellant's motion to quash. In support of her response, Respondent presented evidence that Appellant used 1964 Parker Road as his mailing address; that such address was on Appellant's driver's license and identification cards; and Respondent also provided an affidavit from the deputy sheriff who effected service in this case verifying that he confirmed that Appellant did reside at 1964 Parker Road prior to service and affirming that he would not have left service with Mingo had she advised him that Appellant did not reside at such address.

On April 30, 2007, the trial court held a hearing on Appellant's motion to quash, and on May 18, 2007, entered an Order and Judgment denying it. In its Order and Judgment, the trial court found that Appellant failed to present evidence that he had intended to effect a permanent change of residence to 7030 Myron or that he had changed his address to 7030 Myron prior to service. This appeal follows.

*Points on Appeal*

Appellant presents four points on appeal. In his first point, he contends that the trial court erred in denying his motion to quash service because he provided clear and convincing evidence that substitute service was not accomplished at his residence or usual place of abode. In his second point, Appellant alleges that the trial court erred in denying his motion to quash because the substitute service as effected violates his right to due process. In his third point, Appellant maintains the trial court lacked authority to award attorney's fees to Respondent. In his fourth point, Appellant asserts that the trial court erred by failing to denominate its order as a "judgment."

*Standard of Review*

■ We will affirm the trial court's denial of Appellant's motion to set aside its default judgment for Respondent unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declared or applied the law. *Dozier v. Dozier*, 222 S.W.3d 308, 311 (Mo.App. W.D.2007).

*Discussion*

*Points I and II—Adequacy of Service of Process*

■ Unless a defendant is served with process, or summoned, in a manner and form authorized by statute, the court is without authority to proceed. *State ex rel. Illinois Farmers Ins. Co. v. Gallagher*, 811 S.W.2d 353, 354 (Mo.banc 1991). Where the statutorily prescribed requirements for process and the manner of service are not met, the court in which the action is pending is without power to adjudicate. *Finnigan v. KNG Investments, Inc.*, 158 S.W.3d 808, 810 (Mo.App. S.D.2005).

1. All statutory references are to RSMo 2000,

Section 506.150.1(1) [1] provides for service as follows:

1. The summons and petition shall be served together. Service shall be made as follows:

(1) Upon an individual, including an infant or disabled or incapacitated person not having a legally appointed guardian or conservator, by delivering a copy of the summons and of the petition to him personally or by leaving a copy of the summons and of the petition at his dwelling house or usual place of abode with some person of his family over the age of fifteen years, or by delivering a copy of the summons and of the petition to an agent authorized by appointment or required by law to receive service of process. . . .

■ A sheriff's return of service is considered "prima facie evidence of facts recited therein." *State ex rel. DFS v. Sutherland*, 916 S.W.2d 818, 820 (Mo.App. W.D.1995). The return is subject to impeachment by the party alleged to have been served only by clear and convincing evidence. *Id.* Thus, Appellant was obligated to provide clear and convincing evidence that his usual place of abode was not 1964 Parker Road. The trial court found that he did not provide such evidence. We agree.

The *only* evidence presented by Appellant in support of his burden of proof was an affidavit of himself testifying that he did not live at 1964 Parker Road on the date of service; an affidavit of his mother that Appellant did not live at 1964 Parker Road on the date of service; and a certified mail return receipt showing that on January 21, 2005, one item of mail had been delivered and accepted by Appellant at 7030 Myron.

unless otherwise indicated.

This evidence is inadequate to meet the clear and convincing standard, especially in light of the plethora of evidence supporting Appellant's residence as 1964 Parker Road at the time service was effected, to-wit:

(1) Appellant provided the St. Louis County Police Department with the 1964 Parker Road address at the time of the automobile accident giving rise to this case;

(2) 1964 Parker Road is listed as Appellant's address with the United States Post Office, which confirmed that Appellant never filed a change of address form;

(3) 1964 Parker Road is listed as Appellant's address on his Missouri Driver's License and Missouri state identification card;

(4) Computer database searches reveal 1964 Parker Road as Appellant's address;

(5) Appellant's Missouri Driver's History revealed 1964 Parker Road as Appellant's address;

(6) 1964 Parker Road is listed as Appellant's address in the systems of the St. Louis County Police Department and the St. Louis County Municipal Court.

■ Based on the foregoing, we find that Appellant failed to overcome by clear and convincing evidence the presumption set forth by the deputy sheriff's return that service on Appellant at 1964 Parker Road was done in an authorized manner under Section 506.150.1(1). Point I is denied.

■ Because we find that the service of process on Appellant was proper, it follows that the notice accorded him complied with the requirements of due process. Service of process is nothing more than the fulfillment of the due process requirement of notice. *State v. Julius,* 664 S.W.2d 31, 32 (Mo.App. E.D.1984). Where a proper method of service is followed, as it was here, the method of service does not violate Appellant's due process rights even if Appellant does not receive actual notice of the service from Mingo, who was authorized to accept service under Section 506.150.1(1) and who physically accepted the service at Appellant's usual place of abode. *Sutherland,* 916 S.W.2d at 820. Due process only requires notice reasonably calculated to apprise Appellant of the pendency of the action and afford him an opportunity to present his objections. *State v. Elliott,* 225 S.W.3d 423, 424 (Mo. banc 2007). As such, Point II is denied.

### Point III—Attorney's Fees

Appellant complains about the trial court's award of attorney's fees to Respondent. In response, without making any admission as to the validity of the trial court's award of such fees, Respondent agrees to waive her award of attorney's fees from the judgment and agrees to limit her recovery to payment of the $30,000.00 judgment, post-judgment interest and costs. Pursuant to such response, this Court orders the default judgment to be amended to exclude the award of attorney's fees, and to be limited to the $30,000.00 judgment, post-judgment interest and costs. Accordingly, Point III is dismissed as moot.

### Point IV—"Judgment"

■ In the instant case, the default judgment was written out on a standard form for judgments in the Circuit Court of the City of St. Louis preprinted at the top: "ORDER/JUDGMENT/MEMORAN-DUM." Appellant maintains that the default judgment was not denominated a

judgment as required by Rule 74.01(a),[2] because the word "ORDER" at the top of the judgment is circled, and the word "JUDGMENT" is not circled.

In designating the writing a "judgment," it must be clear from the writing that the trial court is calling the document, or docket sheet entry a judgment. *Lake Osage Condominium Ass'n, Inc. v. Prewitt,* 179 S.W.3d 331, 335 (Mo.App. S.D.2005). Whether the designation "judgment" appears as a heading at the top of the writing, within the body of the writing in some other manner, or in the entry on the docket, it must be clear from the writing that the document or entry is being "called" a "judgment" by the trial court. *Id.* at 335–36.

In the instant case, the default judgment clearly and unequivocally refers to itself as a "Judgment," to-wit:

> Comes now, Plaintiff, Ebony Silinzy, by and through counsel, on her Motion for Default *Judgment.* Plaintiff's Motion for Default *Judgment* is hereby GRANTED and plaintiff is granted a *judgment* in her favor and against defendant Nicholas Williams in the above matter in the amount of $30,000.00 plus costs and attorney's fees.

[Emphasis added.]

Based on the foregoing, we find that it is abundantly clear that the trial court is "calling" the default judgment a "judgment," within the document itself. This is true despite the circling of the word "Order." As such, we find that the default

judgment satisfies Rule 74.01(a). Point IV is denied.

### Conclusion

The judgment of the trial court is affirmed as modified to exclude the award of attorney's fees in accordance with this opinion.

MARY K. HOFF, P.J., and GEORGE W. DRAPER III, J., concur.

---

**2.** All rule references are to Mo. R. Civ. P. 2006, unless otherwise indicated. Rule 74.01(a) provides:

Included Matters. 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is

filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered.