**LNV CORPORATION, Plaintiff,**

v.

**Randall L. ROBB, Timberland Properties, Inc., Defendants.**

**Case No. 11–0842–CV–W–HFS.**

United States District Court,
W.D. Missouri,
Western Division.

Jan. 31, 2012.

Andrew Muller, Stinson, Morrison, Hecker, LLP, Kansas City, MO, for Plaintiff.

Robert Britt Carlson, Carlson Law Firm, P.C., Kansas City, MO, for Defendants.

## ORDER

HOWARD F. SACHS, District Judge.

Before the court is the motion of defendant, Randall Robb, to quash service. On August 25, 2011, plaintiff commenced this action against Timberland Properties, Inc. and Robb, individually and as registered agent for Timberland, seeking repayment of loans. Robb challenges this court's jurisdiction and seeks to quash service of process due to insufficient service pursuant to Fed.R.Civ.P. 12(b)(5).

Rule 12(b)(5) authorizes a motion to dismiss on grounds of insufficiency of service of process and is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint. *Advanced Lipodissolve Centers, LLC v. Karkkainen,* 2006 WL 3803764 *2 (E.D.Mo.). The burden of proof lies with the party raising a challenge to the sufficiency of service of process. *Id.* In other words, the filed return by the process server is prima facie proof of its contents.

The complaint indicates that both Timberland and Robb may be served with process at 701 S. Woodland Drive. (Complaint: ¶ 3). The docket sheet reflects that process was served on the defendant company, Timberland, by way of the Secretary of State on September 14, 2011 (doc. 4), and on October 17, 2011, attorney Robert Britt Carlson entered an appearance on behalf of Timberland (doc. 5). But the individual defendant, Robb, appearing by attorney Carlson for the sole purpose of contesting jurisdiction,[1] contends that the copy of the summons and complaint left with his mother at his parents' residence at 5609 NW Oak Ridge Court, Kansas City, Missouri 64151, did not constitute proper service. Robb contends that, pursuant to Rule 4(e)(2), a copy of the summons and complaint should have been delivered to him personally, or left at his dwelling or usual place of abode with someone of suitable age at the 701 S. Woodland address, or delivered to an agent authorized by appointment to receive service of process.

Rule 4(e)(1), Fed.R.Civ.P., provides that an individual may be served in accordance with the law of the state in which the district court is located, under the rules for service of a summons on the defendant in an action brought in state court. Under Rule 4(e) there are three ways to serve an individual defendant: (1) pursuant to the law of the state in which the district court is located or the service is made; (2) by personal service to the individual, the individual's dwelling, or authorized agent; or (3) waiver. *Sain v. Geske,* 2008 WL 2811166 *6 (D.Minn.); citing,* Fed.R.Civ.P. 4(d)(e). Missouri Supreme Court Rule 54.13(b)(1) is substantially identical to Fed. R.Civ.P. 4(e)(2), and provides for service on an individual as follows:

(1) On an individual. Upon an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the

---

1. It is unnecessary for defendant's counsel to make a "special appearance" to raise his client's jurisdictional and procedural objections. *Advanced Lipodissolve Centers, LLC v. Karkkainen,* 2006 WL 3803764 *2 (E.D.Mo.).

Fed.R.Civ.P. 12 abolished the distinction between general and special appearances when the Federal Rules were adopted in 1938. *Id., citing,* Fed.R.Civ.P. 12.

individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

Plaintiff, through the affidavit of its process server, Trinity Mendoza–Olson, states that she has unsuccessfully attempted service on Robb numerous times in various cases since March of 2008, at both his stated residence at 701 S. Woodland Drive, Gladstone, Missouri 64118 and his stated business address of 5500 North Oak Trafficway, Suite 200, Kansas City, Missouri. (Plaintiffs Opposition: Exh. 1). During this period, Ms. Olson states that she has visited the alleged dwelling place at 701 S. Woodland Drive at least thirty times and observed a vehicle parked in front of the garage with a flat tire and expired motor vehicle license tags, outdated telephone books at the front door, cobwebs on the front door knob, and a mailbox packed full. (Id: pg. 2). In other words, the premises appears to be abandoned, or at least lacking in regular live-in personnel.

In September of 2011, private investigator, Bickell Lund, was hired to assist in effecting service on Robb. Lund states that on September 27, 2011, he arrived at the property located at 5609 NW Oak Ridge, and questioned a woman he believed to be Robb's mother, Rebecca Robb. (Id: pg. 2–3). Her response was that Robb was not at home and she did not know when he would return. (Id). Based upon this response and his experience in these matters, Lund believed that this was Robb's dwelling place.[2] On October 26, 2011, Lund returned to 5609 NW Oak Ridge and a man believed to be Robb's father, James Robb, answered the door and accepted the papers for Robb. (Id: pg. 3). Mrs. Robb then came to the door, refused to accept service and dropped the papers on the ground outside. (Id). By affidavit dated November 21, 2012, Lund averred that he verified that the 5609 NW Oak Ridge location was Robb's current address with a telephone number of 816–455–5500[3], and expressed the opinion that he lives with his parents at that address as their care giver. Lund further averred that a neighbor, Killen, also confirmed that Robb resides with his parents. (Id: Exh. 2). Plaintiff has also produced evidence that a copy of the summons and complaint for Robb in a prior case was left with Rebecca Robb at the 5609 NW Oak Ridge address on August 3, 2011. (Id: Exh. 3). However, Robb claims that he happened to be present at that time and therefore accepted service by taking the papers from his mother.

 Under the circumstances presented here, I find that service at the 5609 NW Oak Ridge address was proper. Ample evidence was presented that Robb's alleged dwelling place was all but abandoned for day-to-day living purposes, and primarily used for mail and tax purposes. While service rules need to be followed, their purpose was satisfied here. Robb cannot complain of a lack of notice of the pending claims asserted against him, for

2. Lund states that in his ten years of experience the typical response to such a question would be that the person inquired about does not reside here, as opposed to Mrs. Robb's response which implicated that Robb resided there but was not present at that time.

(Plaintiff's Opposition: Exh. 1, pg. 2, Case Report).

3. A telephone number associated with Robb's business address that is sometimes forwarded to his cell phone. (Plaintiff's Opposition: Exh. 1, Affidavit of Ms. Olson).

his assertions to the contrary, are insufficient to show by clear and convincing evidence that the service address was not his usual place of abode. Service of process is essentially the fulfillment of the due process requirement of notice. *Silinzy v. Williams*, 247 S.W.3d 595, 599 (Mo.App. E.D.2008). Due process only requires notice reasonably calculated to apprise the defendant of the pendency of the action and afford him an opportunity to present his objections. *Id.*

Review of the affidavits satisfies me that defendant Robb apparently has a practice of avoiding service of process, and has designed his living arrangements to assist in that practice. While I assume he has not been plainly false in his recitations, his conclusory statements can be fairly disregarded and the specifics recited need to be critically examined to avoid being taken in by manipulative wording. For instance, having food and clothing at what appears to be an essentially abandoned Woodland address is consistent with planting a few things, such as canned food, to advance a false theory that this is his active, principal residence. While an extraordinarily slovenly person might maintain the premises as described there is nothing to support a reasonable finding that defendant Robb is routinely living at the Woodland premises where he cannot be found by process servers who have sought to serve him there for a considerable period.

Robb acknowledges helping out his elderly parents, in addition to having a full-time caretaker for his father, who died very recently. He has "visited" his parents, sharing that activity with his sister, from time to time. He does not deny overnight stays, at least on occasion, and was actually present on one occasion when he accepted service. He does not try to rebut a neighbor's impression that he was living there, at least on a part-time basis,

and there is no denial of his mother's language suggesting he was only temporarily away from home—at her house.

It seems quite possible that neither house is defendant Robb's most frequent place of living and sleeping, particularly since his intention to avoid process-servers would be advanced by having a place to stay that has been successfully kept secret. This would not defeat service of process at his parent's house.

The Robb briefing does not adequately deal with the much weaker basis for a ruling that there was successful service of process in *Orbis Marine Enterprises, Inc. v. TEC Marine Lines, Ltd.*, 692 F.Supp. 280 (S.D.N.Y.1988), which relied on a son's comment that is similar to that of Mrs. Robb, defendant's mother. Dismissing it as a ruling by a district judge in a distant circuit is insufficient, when it advances the purpose of the procedural rule and comports with common sense.

■ There are complaints from defendant regarding hearsay. Weighing and evaluating affidavits is the accepted procedural method of dealing with motions challenging service of process. See, e.g., *O'Hare Intern. Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir.1971). Unreliable hearsay will of course be rejected, but there is nothing implausible in the basic material supporting service of process here. Because there is a shortage of pertinent reported cases in this jurisdiction, I am prepared to reconsider and vacate this ruling if defendant Robb requests an evidentiary hearing at which he is prepared to explain his pertinent residential lifestyle under oath. Even if there is an evidentiary hearing, however, affidavits may be used by the parties, as in preliminary injunction practice, on aspects that are not likely to be disputed.

It may be useful to note the generally liberal practice that exists in appraising "dwelling house" status, as discussed by the Second Circuit in the Khashoggi litigation, *National Development Co. v. Triad Holding Corp.*, 930 F.2d 253, 256–7 (2nd Cir.1991). That case involved a frequent traveler who apparently keeps himself moving and is difficult to locate. Generous application of the service of process rules goes back to the early years of the Federal Rules. *Rovinski v. Rowe*, 131 F.2d 687, 689 (6th Cir.1942). See also, *Karlsson v. Rabinowitz*, 318 F.2d 666 (4th Cir.1963) (family home to which party did not expect to return); *Ali v. Mid–Atlantic Settlement Services, Inc.*, 233 F.R.D. 32, 34–37 (D.D.C.2006) and *Carillo v. Hagerty*, 2006 WL 2165679 (D.Conn.). Compare, *Agricola ABC, S.A. de C.V. v. Chiquita Fresh North America, LLC*, 2010 WL 2985500 (S.D.Cal.).

The motion to quash service (ECF doc. 12) is hereby DENIED, subject to reconsideration at an evidentiary hearing if requested.